By the recently filed return to this Court's previous order remanding this case to the trial court with directions, we are informed that on March 23, 1984, the trial court deemed it appropriate that the pro se petition for writ of habeas corpus be treated as a petition for writ of error coram nobis, ordered a hearing on the petition, appointed an attorney to represent the petitioner, made arrangements for the attendance of the petitioner at the hearing which was conducted on May 21, 1984, and rendered an order as follows:
 "On hearing the evidence, defendant's petition for writ of habeas corpus (writ of error coram nobis) is denied and said petition is hereby dismissed."
The trial court is to be commended for its superogatory works as shown above. However, our only concern on original submission as to the action we should take on this appeal was as to the identity of "the court that rendered the judgment of conviction and sentence," from which petitioner was seeking to obtain relief. Although the dismissal of the petition for habeas corpus was ordered by the Circuit Court of Houston County, the writer was not then absolutely certain that the judgment of conviction and sentence was rendered in that court. As to this, however, there is now no longer any uncertainty.
The judgment of the trial court should be affirmed.
AFFIRMED.
All the Judges concur.